**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Michael E. Williams (Bar No. 181299)
michaelwilliams@quinnemanuel.com
Nika D. Shahery (Bar No. 342824)
nikashahery@quinnemanuel.com
Yanai Ben-Gigi (Bar No. 352235)
yanaibengigi@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Matthew T. Scarvie*
matthewscarvie@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone:   (202) 538-8000
Facsimile:   (202) 538-8100
*pro hac vice forthcoming

Andrew H. Schapiro*
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401
*pro hac vice forthcoming

*Attorneys for Defendants Shein Distribution Corporation, Roadget Business Pte., Ltd., Shein Technology, LLC. and Shein US Services. LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALAN GIANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEIN DISTRIBUTION CORP.; ROADGET BUSINESS PTE., LTD. d/b/a SHEIN; SHEIN TECHNOLOGY, LLC; SHEIN US SERVICES, LLC; and DOES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-08637-SRM-ASx<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Serena R. Murillo<br><br>Hearing Date: April 29, 2026<br><br>Time: 1:30 PM<br><br>Courtroom 5D, 5th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................ 1

FACTUAL BACKGROUND ................................................................... 3

    A.    The Parties .................................................................... 3

    B.    Defendants' Alleged Business Model .................................. 4

    C.    The Four Allegedly Infringed Works .................................. 5

    D.    Plaintiff's RICO Allegations............................................. 6

ARGUMENT ...................................................................................... 7

I.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR AN ALLEGED RICO VIOLATION UNDER 18 U.S.C. § 1962(C) SUFFERS FROM MULTIPLE FATAL DEFICIENCIES AND SHOULD BE DISMISSED ................................................................................. 7

    A.    Plaintiff Fails to Adequately Allege The Existence of a RICO Enterprise Distinct From Defendants........................................ 7

    B.    Plaintiff Fails to Adequately Allege That Each Defendant Participated In The Conduct of The Enterprise. ................................. 10

    C.    Plaintiff Fails to Plausibly Plead a Violation of a Predicate Act.......... 12

        1.    The Complaint Fails to Allege Infringement Entirely Within the United States................................................ 12

        2.    Plaintiff Fails to Plausibly Allege Willfulness. ......................... 14

    D.    Plaintiff Impermissibly Lumps All Defendants Together Without Alleging Which Defendant Committed Which Predicate Acts. .......... 17

    E.    Plaintiff Fails to Adequately Allege a Pattern of Racketeering Activity........................................................................ 18

II.    THE RICO CONSPIRACY CLAIM (THIRD CAUSE OF ACTION) FAILS WITH THE SUBSTANTIVE CLAIMS. ............................. 21

III.    PLAINTIFF FAILS TO ALLEGE PLAUSIBLE FACTS TO SUPPORT HIS CIVIL COPYRIGHT INFRINGEMENT CLAIM (FIRST CAUSE OF ACTION)................................................................... 21

CONCLUSION.................................................................................. 22

# TABLE OF AUTHORITIES

**Page**

## Cases

*AK Futures LLC v. LCF Labs Inc.*,
  2022 WL 17887590 (C.D. Cal. Sept. 28, 2022)................................................. 13

*Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*,
  69 F.3d 381 (9th Cir. 1995) ...................................................... 12, 14, 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................ 4, 16, 19

*Banks v. ACS Educ.*,
  638 F. App'x 587 (9th Cir. 2016) .......................................................... 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................... 4, 11, 19

*BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*,
  644 F. Supp. 3d 602 (C.D. Cal. 2022) .................................................... 21

*BSA Framing, Inc. v. Applied Underwriters, Inc.*,
  2018 WL 11462083 (C.D. Cal. Feb. 27, 2018) ....................................... 10

*Danjaq, S.A. v. MGM/UA Commc'ns Co.*,
  773 F. Supp. 194 (C.D. Cal. 1991),
  *aff'd sub nom.*, 979 F.2d 772 (9th Cir. 1992) ............................... 12, 22

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ............................................................. 22

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ..................................................... 7, 11, 16

*Ellis v. J.P. Morgan Chase & Co.*,
  950 F. Supp. 2d 1062 (N.D. Cal. 2013)................................................... 7

*Hill v. Opus Corp.*,
  841 F. Supp. 2d 1070 (C.D. Cal. 2011)................................................. 21

*Jerome v. United States*,
  318 U.S. 101 (1943) ...................................................................... 13

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   497 F. Supp. 3d 552 (N.D. Cal. 2020)............................................................8, 9

*Liqiang Wei v. Jiazhong Sun*,
   2018 WL 1833897 (N.D. Cal. Apr. 18, 2018).....................................................13

*Marin Cnty. Chapter of Nat. Org. for Women v. Marin Cnty.*,
   82 F.R.D. 605 (N.D. Cal. 1979) .........................................................................20

*McGowan v. Weinstein*,
   505 F. Supp. 3d 1000 (C.D. Cal. 2020)..................................................18, 19, 20

*Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*,
   833 F.2d 1360 (9th Cir. 1987) ...........................................................................18

*Metaxas v. Lee*,
   503 F. Supp. 3d 923 (N.D. Cal. 2020).........................................................19, 20

*Muldoon v. DePuy Orthopaedics, Inc.*,
   2024 WL 3522204 (N.D. Cal. July 23, 2024)....................................................17

*New Name, Inc. v. Walt Disney Co.*,
   2007 WL 5061697 (C.D. Cal. Dec. 3, 2007)......................................................13

*Nutrition Distrib. LLC v. Custom Nutraceuticals LLC*,
   194 F. Supp. 3d 952 (D. Ariz. 2016) .................................................................11

*Pelfresne v. Vill. of Rosemont*,
   174 F.R.D. 72 (N.D. Ill. 1997) .............................................................................7

*Perfect 10, Inc. v. Giganews, Inc.*,
   2014 WL 8628031 (C.D. Cal. Nov. 14, 2014) ....................................................15

*Perry v. Shein Distrib. Corp.*,
   2024 WL 5423771 (C.D. Cal. Nov. 8, 2024) ......................................................16

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990) .............................................................................14

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ....................................................................................10, 11

*Ricketts v. CBS Corps.*,
   439 F. Supp. 3d 1199 (C.D. Cal. 2020), *aff'd sub nom.*, 2022 WL
   1046252 (9th Cir. Apr. 7, 2022). ................................................................16, 19

*RJR Nabisco v. Eur. Cmty.*,
  579 U.S. 325 (2016) ....................................................................................... 14

*Shaw v. Nissan N. Am., Inc.*,
  220 F. Supp. 3d 1046 (C.D. Cal. 2016) ............................................................ 8

*Sound N Light Animatronics Co., LTD v. Cloud b, Inc.*,
  2016 WL 7635950 (C.D. Cal. Nov. 10, 2016) ................................................ 13

*Sybersound Recs., Inc. v. UAV Corp.*,
  2006 WL 8434619 (C.D. Cal. Jan. 6, 2006), *aff'd*, 517 F.3d 1137
  (9th Cir. 2008) ..................................................................................... 16, 19, 20

*In re Toyota Motor Corp. Unintended Acceleration Mktg.*,
  *Sales Pracs., & Prods. Liab. Litig.*,
  826 F. Supp. 2d 1180 (C.D. Cal. 2011) .................................................7, 8, 9, 17

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ........................................................................ 15

*United States v. Liu*,
  731 F.3d 982 (9th Cir. 2013) ...........................................................14, 15, 16, 17

*Vaughan v. Wardhaugh*,
  2024 WL 2853972 (N.D. Cal. May 10, 2024) ................................................. 17

*Villarroel v. Recology Inc.*,
  775 F. Supp. 3d 1050 (N.D. Cal. 2025)......................................................11, 17

*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) ................................................................... 10, 11

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
  865 F. Supp. 2d 1002 (C.D. Cal. 2011).................................................10, 11, 17

*Wheeler v. Thomas F. White & Co.*,
  1998 WL 239266 (C.D. Cal. Mar. 19, 1998),
  *aff'd*, 229 F.3d 1161 (9th Cir. 2000) ................................................................ 7

*Whiteside v. Hover-Davis, Inc.*,
  995 F.3d 315 (2d Cir. 2021) ........................................................................... 16

*Yagman v. Kelly*,
  2018 WL 2138461 (C.D. Cal. Mar. 20, 2018) .................................................. 9

*YYGM SA v. Redbubble, Inc.*,
   75 F.4th 995 (9th Cir. 2023)................................................................15

### Statutes

17 U.S.C. § 106(3)...............................................................................13

17 U.S.C. § 506(a)(2) ...........................................................................2

18 U.S.C. § 1961(1)..........................................................................7, 14

18 U.S.C. § 1962(c) ...............................................................6, 7, 8, 10, 21

### Other Authorities

7 Patry on Copyright § 25:86.20 (Sept. 2025 update)............................13

Pub. L. No. 91-452, 84 Stat. 922-23 (1970) .........................................7

Steven Gensler, Federal Rules of Civil Procedure, Rules and
   Commentary § 23:18 ......................................................................20

Federal Rule of Civil Procedure 8 .................................................16, 22

Federal Rule of Civil Procedure 9(b) ..................................................16

Federal Rule of Civil Procedure 12(b)(6)..............................................4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **PRELIMINARY STATEMENT**

This is not Plaintiff Alan Giana's first bite at the apple. In April 2024, he sued Defendants in the Southern District of New York alleging ordinary copyright infringement over one of Plaintiff's alleged artworks at issue in this case, "Coastal Escape." The court (Rakoff, J.) granted Defendants' motion to dismiss for lack of personal jurisdiction. Plaintiff now asks this Court to convert what was previously a routine copyright case over a few works into a sprawling copyright and RICO class action. As alleged, Defendants Shein Distribution Corporation, Shein US Services, LLC, Shein Technology, LLC, and Roadget Business Pte. Ltd. (collectively "Defendants" or "Shein") jointly operate a popular e-commerce platform. Plaintiff claims that this platform is part of Shein's broader scheme of criminal activity.

Plaintiff's attempt to equate Shein with a criminal enterprise based on alleged copyright infringement of a handful of works out of the millions on its platform is fanciful and severely misguided. The RICO claims fail on multiple, independent grounds and must be dismissed. Many of the same fatal flaws infect Plaintiff's civil copyright infringement claim, requiring dismissal of that claim as well.

Styled as a class action,[1] this case involves four paintings which Plaintiff alleges were offered for sale on Defendants' e-commerce website without his authorization: "Coastal Escape," "Cape May Light," "Rays of Hope III," and "Winter Barn III." In addition to bringing a claim for civil copyright infringement, Plaintiff contends Defendants engaged in criminal copyright infringement and invokes the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a statute enacted to combat organized crime.

---

[1] Plaintiff's class action allegations are also substantively flawed. Those issues will be addressed, if necessary, when Plaintiff seeks class certification assuming any of Plaintiff's claims can survive motions to dismiss.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

To make that leap, Plaintiff must plausibly allege that Defendants operated a criminal enterprise distinct from their ordinary business; that each Defendant participated in the criminal enterprise; that they committed willful criminal copyright infringement knowing their conduct was unlawful, thereby establishing RICO predicates; and that they engaged in a pattern of racketeering activity. The Complaint does not plausibly allege any of these elements.

At the threshold, the Complaint fails to allege a distinct RICO enterprise. The purported "enterprise" is indistinguishable from Defendants' ordinary e-commerce business. Alleging that a business conducted regular activities unlawfully does not transform it into a distinct criminal enterprise. This alone is fatal to the RICO claim.

Nor does the Complaint plausibly allege that any Defendant conducted or directed the alleged enterprise. Beyond conclusory recitations of statutory language, the Complaint describes Defendants acting in their standard corporate roles for their own business affairs, not operating a criminal organization.

The Complaint also fails to plausibly allege criminal copyright infringement, the purported RICO predicate. First, Plaintiff must allege that Defendants engaged in infringing conduct within the U.S. because the Copyright Act does not apply extraterritorially. The Complaint fails to do so; in fact, the allegations suggest the purportedly infringing conduct occurred outside the U.S., which is insufficient to state a claim for copyright infringement. Second, criminal copyright infringement requires willful infringement of the specific works at issue. The Complaint emphasizes that the alleged copying occurred through automated systems operating "with no human intermediary." There are no facts plausibly alleging that any Defendant recognized Plaintiff's works, knew they were copyrighted, or consciously decided to copy them. As the statute provides, and as is particularly salient in automated contexts, "reproduction or distribution of a copyrighted work, by itself," cannot establish the specific knowledge required for criminal liability. 17 U.S.C. § 506(a)(2).

1    Even if Plaintiff had adequately alleged predicate acts, the Complaint fails to

2 establish a pattern of racketeering activity. Plaintiff alleges that four of his paintings

3 were used on products that were made available on Defendants' platform but provides

4 virtually no details on when it occurred or how long it persisted, facts which are

5 necessary to establish a pattern. Plaintiff attempts to fill this gap by citing materials

6 he found online about unrelated copyright infringement claims brought by others

7 against Defendants. But internet posts are not plausible allegations, and the existence

8 of other lawsuits does not prove criminal copyright infringement.

9    Because the substantive RICO claim fails on multiple grounds, Plaintiff's

10 derivative RICO conspiracy claim must also be dismissed. Plaintiff's effort to "make

11 a mountain out of a mole hill" through conclusory and factually unsubstantiated RICO

12 allegations should be rejected and the RICO claims dismissed.

13    Finally, Plaintiff does not allege plausible facts supporting his claim for civil

14 copyright infringement. The Complaint is devoid of facts alleging the role of any

15 particular Defendant in the alleged infringement and, as noted above, there are no

16 facts demonstrating that the alleged infringing conduct occurred within the U.S.

17 Further, copyright infringement requires volitional conduct by the defendant, yet the

18 Complaint alleges that the purported infringement was accomplished through

19 automated systems without human interaction. Thus, the copyright infringement

20 claim should be dismissed as well.

21                         **FACTUAL BACKGROUND**

22    **A.    The Parties**

23    Plaintiff Alan Giana is a Florida citizen working as a digital artist and painter.

24 Compl. ¶ 19. He creates and licenses artwork for commercial use and registers his

25 copyrights with the U.S. Copyright Office. *Id.* ¶¶ 19, 56–61. He has been creating

26 and licensing art for approximately forty years. *Id.* ¶ 56.

27    The Complaint names four Shein-related entities as Defendants:

28

- **Shein Distribution Corporation**. A Delaware corporation with its principal place of business in 777 S. Alameda Street, Los Angeles, California 90021. Compl. ¶ 21(a). The Complaint alleges that Shein Distribution "sells products in the United States through the Shein mobile apps and websites." *Id.*

- **Roadget Business Pte., Ltd.** A Singaporean entity which allegedly "owns the Shein trademarks in the United States, as well as the Shein websites and mobile apps" and has "responsibility for developing new products for sale in the United States." Compl. ¶ 21(b).

- **Shein Technology, LLC**. A Delaware corporation with its principal place of business in 777 S. Alameda Street, Los Angeles, California 90021. Compl. ¶ 21(c). Shein Technology allegedly "identifies itself as a U.S. technology company that supports Defendant Shein Distribution Corporation's sale of Shein products in the United States." *Id.*

- **Shein US Services, LLC**. A Delaware corporation with its principal place of business in 777 S. Alameda Street, Los Angeles, California 90021. Compl. ¶ 21(d). Shein US Services allegedly "identifies itself as a services provider that supports Defendant Shein Distribution's sale of Shein products in the United States." *Id.*

According to the Complaint, Defendants comprise an "e-commerce conglomerate with annual revenue of over $30 billion." *Id.* ¶ 1. They operate in the "fast fashion" industry, which Plaintiff characterizes as involving rapid production cycles and competitive pricing. *Id.* ¶¶ 5, 29–30.

### B. Defendants' Alleged Business Model [2]

The Complaint alleges that Defendants rely on automated systems to identify and select designs for use on products sold through their platforms. Specifically, it states Defendants use "sophisticated algorithmic systems or other standardized methods—including, without limitation, 'artificial intelligence' or 'AI,' algorithm-based methods, data mining, other automated or digital tools, or other systematic methods—to scour the internet for popular works." Compl. ¶ 3.

---

[2] Under the Rule 12(b)(6) standard, Defendants' analysis assumes the truth of the Complaint's well-pleaded factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). This assumption is not an admission; Defendants dispute the Complaint, whose allegations are fanciful, unsubstantiated, and false.

According to the Complaint, "Shein's sophisticated, for-profit surveillance and copying system results—by design—in product listings on Shein's site that copy and infringe the designs of others." *Id.* ¶ 33. The Complaint emphasizes the automated nature of this process. It alleges that "in many instances, identical copies of copyrighted works are transmitted directly by Shein's algorithm-based design system or other systematic methods to Shein's factories for production, with no human intermediary or compliance process to ensure that the designs are not the property of others." *Id.* ¶ 5.

The Complaint reiterates that "[t]he ***automated***, ***algorithmic nature*** of Defendants' copying makes their infringement inherently systematic." *Id.* ¶ 49 (emphasis added). Plaintiff alleges that this process occurs at significant scale, with "rapid mass production, generating thousands of new products per day." *Id.* ¶¶ 5, 102.

## C.   <u>The Four Allegedly Infringed Works</u>

Plaintiff alleges that Defendants infringed four specific works:

- "**Coastal Escape**" (Reg. No. VAu# 1-110-099), which allegedly appeared online for sale as "Beach Print DIY Diamond Painting Without Frame." *Id.* ¶¶ 65–67.

- "**Cape May Light**" (Reg. No. VAu# 691-995), which allegedly appeared online for sale as "Cape May Sand Fence Lighthouse Canvas Art Print" and which "currently remains for sale." *Id.* ¶¶ 68–71.

- "**Rays of Hope III**" (Reg. No. VAu# 1-158-537), which allegedly appeared online for sale as "1pc Stunning Faux Window Lighthouse Beach View Canvas Wall Art," and which "remains for sale on Shein." *Id.* ¶¶ 72–74.

- "**Winter Barn III**" (Reg. No. VAu# 1-273-170), which allegedly appeared online for sale as a puzzle. *Id.* ¶¶ 75–77.

Each allegation uses identical language: "Defendants' algorithmic technology or other systematic methods identified [the allegedly infringed work] on the web and copied it without authorization for display and sale as Shein products." *Id.* ¶¶ 66, 69, 73, 76. Plaintiff claims each act of infringement constitutes criminal copyright infringement—the alleged predicate acts under RICO. *Id.* ¶¶ 87–88.

Beyond identifying the works and describing the products, Plaintiff does not specify when each alleged infringement occurred, which Defendant was allegedly responsible for identifying, copying, displaying, manufacturing, or selling any particular work, or whether Defendants received any notice from Plaintiff about these works before this lawsuit was filed.

### D.    Plaintiff's RICO Allegations

To support his RICO claim, Plaintiff alleges that the four Shein entities "operate as an association-in-fact enterprise with the common purpose of advancing Shein's business of selling clothing and apparel while systematically misappropriating and profiting from the intellectual property of others." *Id.* ¶ 84. This purported enterprise consists of the same entities that comprise Defendants' ordinary e-commerce operations. *Id.* ¶¶ 82, 84.

Beyond that, the Complaint identifies no criminal conduct by any Defendant. As alleged, it describes routine business functions of each: Shein Distribution is a "seller and payment collection entity" that "handles U.S. sales and distribution;" Roadget "owns the intellectual property and digital platforms;" Shein Technology "operates the automated, algorithmic, systemic and/or AI-driven systems;" and Shein US Services "provides operational support." *Id.* ¶¶ 15, 82. The infringement allegations are equally sparse, asserting that Defendants' "algorithmic technology or other systematic methods" wronged Plaintiff. *Id.* ¶¶ 66, 69, 73, 76.

The Complaint also fails to plead plausible facts establishing Defendants' knowledge or intent to infringe Plaintiff's works. Instead, Plaintiff mimics the statutory language by asserting in conclusory fashion that Defendants "willfully infringed" Plaintiff's copyrights "for the purposes of commercial advantage and private gain," *id.* ¶¶ 88–89, without any facts supporting that conclusion. The Complaint does not allege that any Defendant knew of Plaintiff or his works, recognized their copyrighted status, reviewed them, or made a deliberate decision to copy them. To the contrary, Plaintiff's "central theory," which is also factually

unsupported, refutes any plausible claim of infringement because the Complaint alleges that Defendants employ "standardized, systematic, and/or automated practices" that result in "systemic" infringement. *Id.* ¶¶ 2, 18. Without volitional conduct by Defendants, including concrete allegations of specific infringing acts by each Defendant, Plaintiff has not pleaded claims for civil or criminal copyright infringement.

## ARGUMENT

## I.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR AN ALLEGED RICO VIOLATION UNDER 18 U.S.C. § 1962(C) SUFFERS FROM MULTIPLE FATAL DEFICIENCIES AND SHOULD BE DISMISSED

To state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege: "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt" which was "(5) the proximate cause of harm to the victim." *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 997 (9th Cir. 2014). "Racketeering activity" is established by predicate acts "indictable" or "chargeable" under the criminal statutes enumerated in 18 U.S.C. § 1961(1). The Complaint fails to sufficiently allege an enterprise, conduct, any predicate acts, or a pattern, rendering the second cause of action subject to dismissal.

### A.    Plaintiff Fails to Adequately Allege The Existence of a RICO Enterprise Distinct From Defendants.

Congress enacted RICO to address "organized" criminal conduct where individuals or groups "infiltrate," or "corrupt" organizational structures to carry out sustained wrongdoing—for example, mobsters taking over "legitimate business and labor unions." Pub. L. No. 91-452, 84 Stat. 922-23 (1970) (Congressional Statement of Findings and Purpose). For that reason, Section 1962(c) requires a RICO plaintiff to plead two distinct elements: a "person" who commits the alleged racketeering and an "enterprise" through which those acts are conducted. *See In re Toyota Motor Corp.*

*Unintended Acceleration Mktg.*, *Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1202–03 (C.D. Cal. 2011). Thus, the enterprise being corrupted must be meaningfully distinct from the defendant; it cannot be the same entity "referred to by a different name." *Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1087–88 (N.D. Cal. 2013).

As an initial matter, Plaintiff fails to identify any "person" distinct from the "enterprise." Plaintiff alleges that "[t]he Shein Defendants constitute an 'enterprise,'" Compl. ¶ 130, yet nowhere identifies the putative RICO "person." This failure requires dismissal. *Wheeler v. Thomas F. White & Co.*, 1998 WL 239266, at *8 (C.D. Cal. Mar. 19, 1998) (failure to identify any of RICO's elements insufficient), *aff'd*, 229 F.3d 1161 (9th Cir. 2000); *see also Pelfresne v. Vill. of Rosemont*, 174 F.R.D. 72, 78 (N.D. Ill. 1997) (failure to "identify the RICO 'persons'" insufficient).

Plaintiff's conclusory allegation that "[t]he Shein Defendants constitute an 'enterprise'" is also insufficient. Compl. ¶ 130. The Complaint alleges the enterprise's common purpose is "advancing Shein's business of selling clothing and apparel while systematically misappropriating and profiting from the intellectual property of others." Compl. ¶¶ 84, 131. Simply alleging that Defendants carried out their primary business activity illegally fails to adequately allege a RICO enterprise.

*In re Toyota* ("*Toyota*") illustrates this principle. 826 F. Supp. 2d 1180. There, plaintiffs alleged Toyota, its parent, and its subsidiaries formed a RICO enterprise that knowingly sold vehicles with acceleration defects they concealed. *Id.* at 1199–1200. The court dismissed the RICO claims, holding plaintiffs merely alleged that "Defendants' primary business activity—the design, manufacture, and sale or lease of Toyota vehicles—was conducted fraudulently." *Id.* at 1202–03. Relying on Supreme Court precedent, the court held that the corporation cannot be both the "person" and "the tool" for criminal conduct. *Id.* As in *Toyota*, Plaintiff "merely allege[s] that the Defendants are associated in a manner directly related to their own primary business activities, which is insufficient to state a claim under § 1962(c)." *Id.*

Plaintiff's conclusory allegation that Defendants are "systematically misappropriating" intellectual property makes no difference. Courts have repeatedly held that relabeling ordinary business conduct as fraudulent or illegal does not create a RICO enterprise. *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 599 (N.D. Cal. 2020); *Shaw v. Nissan N. Am., Inc*., 220 F. Supp. 3d 1046, 1054 (C.D. Cal. 2016) ("reject[ing] attempts to characterize routine commercial relationships as RICO enterprises.") (citation omitted).

*JUUL* is also instructive. In that case the plaintiffs alleged that JUUL and its affiliates formed a "Nicotine Market Expansion Enterprise" to market vaping and smoking products. 497 F. Supp. 3d at 596. The alleged goal was to entrench market share by causing the public at large, and youth specifically, to become addicted to nicotine or maintain addiction. *Id.* at 596–98. The court dismissed the RICO claims, holding that JUUL and others were conducting their regular business—albeit, allegedly fraudulently—and that failed to establish a distinct enterprise for purposes of RICO. *Id.* at 598–600 (citing *Toyota* and *Shaw*).

So too here. Even accepting Plaintiff's farfetched allegations as true, they merely describe Defendants conducting "the legitimate [business] of selling clothing and fashion products" through unlawful means. Compl. ¶ 131. But alleging that regular "business activity…was conducted fraudulently" is insufficient to establish a RICO enterprise. *In re JUUL*, 497 F. Supp. 3d at 599 (citation omitted); *Toyota*, 826 F. Supp. 2d at 1202–03.

Confirming this deficiency, the Complaint identifies only standard corporate functions for each Defendant:

- Shein Distribution "handles U.S. sales and distribution."

- Roadget "owns the intellectual property and digital platforms, including the Shein website and app."

- Shein Technology "operates the automated, algorithmic, systemic, and/or AI-driven copying systems."

- Shein US Services "provides operational support in the United States, including by running the Shein website and app."

Compl. ¶ 82.

Moreover, the law is clear that a "parent corporation and its subsidiaries do not together constitute a RICO 'enterprise,'" particularly where they operate as parts of a single corporate structure. *See Yagman v. Kelly*, 2018 WL 2138461, at *15 (C.D. Cal. Mar. 20, 2018); *BSA Framing, Inc. v. Applied Underwriters, Inc.*, 2018 WL 11462083, at *7–8 (C.D. Cal. Feb. 27, 2018) (dismissing complaint where "indicate[d] that the [] Defendants were 'acting within the scope of a single corporate structure, guided by a single corporate consciousness'") (citation and quotations omitted).

Defendants Shein Distribution, Roadget, Shein Technology, and Shein US Services are related corporate entities within a single corporate family. Three share the same principal place of business, Compl. ¶¶ 21(a), 21(c), 21(d), and all four operate under the "Shein" name and perform complementary functions within a unified corporate structure. Plaintiff even alleges these Defendants are all part of an e-commerce "conglomerate." *Id*. ¶ 1.

At bottom, the alleged enterprise consists of related Shein entities carrying out their normal corporate functions in a way Plaintiff believes is illegal, which is insufficient to state a § 1962(c) claim.

## B.     Plaintiff Fails to Adequately Allege That Each Defendant Participated In The Conduct of The Enterprise.

RICO does not penalize everyone who touches an allegedly illegal scheme—it reaches only those who "***conduct*** or participate ... ***in the conduct*** of [an] enterprise's affairs." 18 U.S.C. § 1962(c) (emphasis added). The Supreme Court has interpreted the term "***conduct***" as requiring "an element of direction," meaning each defendant must "have some part in directing [the enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 177–79 (1993). Without this limitation, anyone even minimally

involved with an enterprise—secretaries, delivery personnel, accountants providing audits, lawyers giving advice—could face RICO liability. Simply put, "'[m]ore is required than 'simply being involved.'" *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1034 (C.D. Cal. 2011). The Ninth Circuit has considered three factors in analyzing direction: whether the defendant: (1) occupies a position in the chain of command, (2) knowingly implements upper management decisions, or (3) plays an indispensable role in achieving the enterprise's goal. *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008). Performing services for the enterprise does not rise to the level of direction. *Id.*

Two cases illustrate the point. In *Walter*, a lawyer allegedly advised trustees who embezzled a family trust. She counseled them not to send monthly reports to beneficiaries and withheld documents herself. 538 F.3d at 1246. Still, the Ninth Circuit held she did not direct the enterprise's affairs. The attorney provided professional services as an outsider—she held no formal position in the trust and played no part in managing its affairs. *Id.* at 1248.

*WellPoint* is also instructive. Insurance companies allegedly created a rigged database to defraud and underpay out-of-network providers. Plaintiffs claimed WellPoint "directed" this scheme by submitting "false" data to the database, making decisions about the database, and using the flawed data to pay less to various providers. 865 F. Supp. 2d at 1016–18. The court dismissed the allegations, explaining that even though WellPoint acted for gain, its actions (like submitting data) showed it was acting for itself and on its own—not controlling or directing what other insurers did. *Id.* at 1034–35.

Plaintiff's allegations fail for similar reasons. Beyond verbatim recitations of statutory language—which are disregarded under *Twombly*, 550 U.S. at 555—the Complaint describes corporate entities performing routine business functions, not Defendants directing affairs of a criminal enterprise. Compl. ¶¶ 21, 82, 86. The Complaint identifies no decision-making hierarchy, no strategic direction from some

Defendants implemented by others, and no conduct beyond each entity's own business operations. RICO liability requires that Defendants "conduct[] or participate[] in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves*, 507 U.S. at 185 (emphasis in original). The Complaint fails to plausibly allege this.

### C.    Plaintiff Fails to Plausibly Plead a Violation of a Predicate Act

"[A] plaintiff must adequately plead the elements of each predicate act, satisfying the pleading standard that would apply if the predicate act were a stand-alone claim." *Nutrition Distrib. LLC v. Custom Nutraceuticals LLC*, 194 F. Supp. 3d 952, 957 (D. Ariz. 2016); *Villarroel v. Recology Inc*., 775 F. Supp. 3d 1050, 1070 (N.D. Cal. 2025) (similar). Where the alleged predicate acts are insufficiently pled, dismissal is required. *See Eclectic Props*., 751 F.3d at 997.

### 1.    The Complaint Fails to Allege Infringement Entirely Within the United States

As United States "copyright law does not apply" extraterritorially, a plaintiff must allege infringing conduct that occurred "***entirely*** within the United States." *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp*., 69 F.3d 381, 387 (9th Cir. 1995) (emphasis added); *Danjaq, S.A. v. MGM/UA Commc'ns Co*., 773 F. Supp. 194, 202–03 (C.D. Cal. 1991), *aff'd sub nom*., 979 F.2d 772 (9th Cir. 1992). But the Complaint lacks factual allegations connecting Plaintiff's four works to actionable infringement occurring entirely within the U.S. While Plaintiff generally alleges that "products and services" are sold by Defendants in the "United States" and in "this District," Compl. ¶ 15, he fails to allege who did what, how, or where with respect to Plaintiff's four specific works, offering only conclusory statements—"copied," "manufactured," "distributed," "displayed," "earned profits." Compl. ¶¶ 64, 66, 69, 73, 76, 127.

These missing details matter because copyright liability is territorially limited. *Allarcom*, 69 F.3d at 387. Plaintiff's own account of Defendants' operations points

away from domestic infringement. He alleges Defendants' process is entirely "automated," with systems identifying content on the internet and transmitting designs to "[f]oreign" suppliers who then manufacture goods. Compl. ¶¶ 5, 33, 49, 51, 82(e). Without pleading specific facts, the Complaint asks the Court to infer domestic action by Defendants from a narrative that points abroad.

For example, the Complaint alleges that Defendants' "algorithmic technology or other systematic methods identified [each work] on the web and copied it without authorization." Compl. ¶¶ 66, 69, 73, 76. The Complaint suggests the copying occurred outside of the U.S. by alleging Shein's algorithm "transmit[s] the design for an infringing work to its suppliers for manufacture," *id.* ¶ 51, and "[f]oreign suppliers...manufacture the infringing products at Shein's direction." *Id.* ¶ 82(e).

Although the Complaint alleges that Defendants "displayed Mr. Giana's artwork on Defendants' website without any authorization or permission," *id.* ¶¶ 64, 127, courts have repeatedly held that website accessibility alone does not establish domestic infringement. *See, e.g.*, *Sound N Light Animatronics Co., LTD v. Cloud b, Inc.*, 2016 WL 7635950, at *5 (C.D. Cal. Nov. 10, 2016) ("internet postings do[] not give rise to the plausible inference that copies of the infringing work were distributed within the United States"); *Liqiang Wei v. Jiazhong Sun*, 2018 WL 1833897, at *3–4 (N.D. Cal. Apr. 18, 2018) (dismissing as website posting failed to establish domestic infringement); *7 Patry on Copyright* § 25:86.20 (Sept. 2025 update) (same). Thus, Plaintiff's undated screenshots suggesting products were available on Defendants' platform does not constitute criminal infringement—or even a civil copyright claim. *See AK Futures LLC v. LCF Labs Inc.*, 2022 WL 17887590, at *5 (C.D. Cal. Sept. 28, 2022) (party "cannot be directly liable for copyright infringement" for "merely facilitat[ing]" transactions).

As to distribution, § 106(3) requires "sale or other transfer of ownership." 17 U.S.C. § 106(3). Merely, "offering for sale" or "transportation" within the United States are insufficient. *AK Futures LLC*, 2022 WL 17887590, at *5 ("[T]he mere

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

transportation of infringing goods inside the United States" is insufficient); *New Name, Inc. v. Walt Disney Co*., 2007 WL 5061697, at *3–4 (C.D. Cal. Dec. 3, 2007) ("offering for sale" insufficient). The Complaint contains no facts establishing that any Defendant distributed the works in the U.S. Nor can Plaintiff rely on an unpled theory of contributory infringement to salvage this claim. Section 506(a), Plaintiff's chosen predicate act, reaches only direct infringement. While courts have developed common law doctrines for derivative liability in ***civil*** copyright cases, those doctrines do not extend to ***criminal*** law. There are no "common law offenses,"—criminal convictions depend solely on conduct "explicitly prescribed by Congress" in a statute. *Jerome v. United States*, 318 U.S. 101, 104 (1943).[3] Defendants' Section 506 liability turns entirely on what each Defendant allegedly did within the United States. That alleged conduct is missing from the Complaint.

Because the Complaint does not allege that each Defendant committed infringing acts as to Plaintiff's four works "***entirely*** within the United States," Plaintiff has failed to plead a copyright claim, *Allarcom*, 69 F.3d at 387 (emphasis added), and thus failed to sufficiently plead a predicate act under RICO.

### 2.  Plaintiff Fails to Plausibly Allege Willfulness.

Willfulness distinguishes criminal copyright infringement from civil infringement. The Ninth Circuit has held that "willfully" under § 506(a) requires a "voluntary, intentional violation of a known legal duty." *United States v. Liu*, 731 F.3d 982, 990 (9th Cir. 2013) (citation omitted). That demands proof that a defendant knew they were "acting illegally rather than simply that [they] knew [they were]

---

[3]  RICO defines as racketeering activity "only" acts listed "under one of the statutes identified in § 1961(1)." *RJR Nabisco v. Eur. Cmty*., 579 U.S. 325, 339 (2016). The Ninth Circuit has consistently held that acts not enumerated in § 1961(1) cannot support RICO claims. *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 294–95 (9th Cir. 1990) (lack of standing); *Banks v. ACS Educ*., 638 F. App'x 587, 589 (9th Cir. 2016).

making copies." *Id.* at 985, 989–92.  The Complaint does not plausibly allege such knowledge; to the contrary, its allegations suggest Defendants lacked it.

First, the Complaint states no facts showing that any Defendant willfully infringed Plaintiff's specific works. Rather, the Complaint alleges that the infringement occurred through automated systems "with ***no human intermediary***," Compl. ¶ 5, and through Defendants' "***algorithmic technology or other systematic methods***." *Id.* ¶¶ 64, 66, 69, 73, 76 (emphases added).  Those allegations negate, rather than support, a plausible inference of intent.

The Ninth Circuit's decision in *Liu* confirms the insufficiency of Plaintiff's allegations.  In *Liu*, defendant, who operated a commercial CD and DVD replication business, was convicted of criminal copyright infringement based on reproduction of music compilations, motion pictures, and software.  731 F.3d at 985–87.  The Ninth Circuit reversed the conviction despite evidence that Liu was "aware of copyright laws" and "sued for copyright infringement in the past."  *Id.* at 992.  The court distinguished between general awareness of potential copyright infringement—which is insufficient—and actual knowledge tied to the specific "disks at issue."  *Id.* at 992–93.  Here too, the Complaint contains no allegations suggesting Defendants actually knew of Plaintiff's works or that any action with respect to them "was unlawful."[4] *Cf. YYGM SA v. Redbubble, Inc.*, 75 F.4th 995, 1001 (9th Cir. 2023) (noting that

---

[4]    This is consistent with the fundamental principle of copyright law that generalized knowledge of potential infringement is insufficient to establish liability. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1021–22 (9th Cir. 2013) ("[M]erely hosting" content "with the general knowledge that one's services could be used to share infringing material, is insufficient to meet the actual knowledge requirement"); *Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 8628031, at *7 (C.D. Cal. Nov. 14, 2014) ("general awareness that infringement may be occurring is usually irrelevant to the specific question of whether a particular defendant violated a particular copyright held by a particular plaintiff") (quotations and citations omitted).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

contributory copyright infringement "require[s] knowledge of specific infringers or instances of infringement").

Second, Plaintiff's attempt to substitute unfounded business-model allegations for specific knowledge fails. The Complaint asserts that Defendants operate a system designed to copy internet content, that Defendants treat litigation as a "business expense," and that Defendants have faced prior lawsuits. Compl. ¶¶ 33, 37, 40, 47, 49. But the Complaint's references to third-party lawsuits and purported infringements of others' works are irrelevant. Plaintiff lacks "standing to prosecute its RICO claims based on Defendants alleged violations of copyrights owned by third parties." *Sybersound Recs., Inc. v. UAV Corp.*, 2006 WL 8434619, at *9 (C.D. Cal. Jan. 6, 2006), *aff'd*, 517 F.3d 1137 (9th Cir. 2008). Further, "[n]either lawsuits nor settlements" constitute factual allegations sufficient to establish RICO violations. *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1226 (C.D. Cal. 2020), *aff'd sub nom.*, 2022 WL 1046252 (9th Cir. Apr. 7, 2022). More fundamentally, these allegations do not establish willfulness under Ninth Circuit law. In *Liu*, the defendant's CD and DVD replication business was designed for copying, yet the Ninth Circuit **still** required specific knowledge tied **directly** to the works at issue—despite the nature of the enterprise and evidence that the defendant was "aware of copyright laws" and "sued for copyright infringement in the past." *Id.* at 992–93.

The Complaint further undermines Plaintiff's own theory by alleging that Defendants add "thousands of new products per day" amounting to "many millions" of articles each year. Compl. ¶¶ 5, 102. This industrial scale makes it implausible that any decision-maker reviewed, recognized, or formed intent regarding these four specific works among millions of products. The sheer volume alleged negates rather than supports the inference of work-specific knowledge.[5]

---

[5]    In *Perry v. Shein Distrib. Corp.*, 2024 WL 5423771 (C.D. Cal. Nov. 8, 2024), the court found willfulness allegations against Shein sufficient. *Id.* at *3. That

### D.    Plaintiff Impermissibly Lumps All Defendants Together Without Alleging Which Defendant Committed Which Predicate Acts.

Where RICO claims are asserted against multiple defendants, plaintiffs must allege "at least two predicate acts by *each* defendant," *In re WellPoint, Inc.*, 865 F. Supp. 2d at 1035 (citations omitted) (emphasis in original), and identify "which Defendants are alleged to have committed which crimes on what occasions." *Villarroel*, 775 F. Supp. 3d at 1070 (citations omitted).  Plaintiff does not satisfy this requirement.

Collective pleading pervades multiple aspects of the Complaint.  *E.g.*, Compl. ¶ 84 ("The Shein Defendants operate as an association-in-fact enterprise"); ¶¶ 86–92 (alleging all "Shein Defendants" engaged in racketeering); ¶ 132 ("Each of the Shein Defendants directed, conducted, and/or participated in the conduct of the enterprise's affairs"); ¶ 133 ("Defendants committed at least two predicate acts").  For example, for each infringement allegation, the Complaint uses the collective term "Defendants" and alleges that "Defendants' algorithmic technology or other systematic method identified [the work] on the web and copied it without authorization for display and sale as Shein products," without specifying which, if any, of the four named entities committed which acts.  *Id*. ¶¶ 66, 69, 73, 76.

---

decision is distinguishable for two reasons.  *First*, the *Perry* court relied on Rule 9(b)'s language that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally" to hold that mental states need not be plausibly pleaded.  But this overlooks the Supreme Court's holding in *Iqbal* that Rule 9(b) merely "excuses a party from pleading…intent under an elevated pleading standard," without displacing Rule 8's plausibility requirement which demands supporting facts.  *Iqbal*, 556 U.S. at 686–87; *Eclectic Props.*, 751 F.3d at 995 n.5; *see also Whiteside v. Hover-Davis, Inc*., 995 F.3d 315, 323 (2d Cir. 2021) ("the mere allegation of willfulness is insufficient" absent supporting facts).  *Second*, the *Perry* court never mentioned the Ninth Circuit's decision in *Liu*, which unambiguously held that willfulness requires "voluntary, intentional violation of a known legal duty."  731 F.3d at 990.

As the *Villarroel* court explained, allegations against a "group of Defendants" are insufficient to state a RICO claim because each defendant is entitled to "adequate notice" of the specific criminal acts that defendant allegedly committed, so they can respond accordingly. 775 F. Supp. 3d at 1070; *Toyota*, 826 F. Supp. 2d at 1201 (complaint failed "to ascribe any predicate act to a particular Defendant"); *Vaughan v. Wardhaugh*, 2024 WL 2853972, at *3 (N.D. Cal. May 10, 2024) (complaint "does not allege what predicate acts those specific Defendants committed"); *Muldoon v. DePuy Orthopaedics, Inc.*, 2024 WL 3522204, at *12 (N.D. Cal. July 23, 2024) (complaint did not "allege which particular defendant did which act"). Because Plaintiff's Complaint does not articulate what each Defendant allegedly did wrong and instead treats them as a single, undifferentiated mass, the Court should dismiss it.

**E.    Plaintiff Fails to Adequately Allege a Pattern of Racketeering Activity.**

A RICO claim requires a "pattern" of predicate acts showing "a relationship between the predicates" and "continuity." *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1011 (C.D. Cal. 2020) (citations omitted). Continuity may be "closed-ended" or "open-ended." *Id.* Plaintiff plausibly alleges neither.

Closed-ended continuity requires pleading "a series of related predicates extending over a substantial period of time," while acts "extending over a few weeks or months" are insufficient because RICO targets "long-term criminal conduct." *Id.* at 1012–13 (citations omitted). Plaintiff provides minimal temporal facts. He alleges that two of his artworks appeared online one day before filing. Compl. ¶¶ 69 n.12, 73 n.13. For the other two artworks, he provides no temporal facts at all. *Id.* ¶¶ 66, 76. More broadly, the Complaint does not allege when the four works were copied, when any allegedly infringing products were purportedly sold, how long they remained available, or whether the incidents occurred sequentially or simultaneously. Continuity is "centrally a temporal concept." *McGowan*, 505 F. Supp. 3d at 1011

1  (citations omitted). Identifying four works on sparse temporal facts does not establish

2  it.[6]

3        Open-ended continuity requires "past conduct that by its nature projects into

4  the future with a threat of repetition," and it cannot be established where the alleged

5  conduct has a "built-in ending point." *McGowan*, 505 F. Supp. 3d at 1014 (citations

6  omitted). Plaintiff's Complaint fails to meet this standard as well. First, without facts

7  showing threat of repetition as to Plaintiff, the alleged scheme has a built-in ending

8  point and does not "project into the future with a threat of repetition." *Id.*; *Metaxas*

9  *v. Lee*, 503 F. Supp. 3d 923, 941–46 (N.D. Cal. 2020). Second, Plaintiff pleads no

10  facts showing a concrete threat of future alleged racketeering directed at him.

11  Plausibility is a "context-specific task that requires the reviewing court to draw on its

12  judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court need not

13  accept Plaintiff's assertion that a large-scale scheme to deprive artists worldwide of

14  copyright is afoot when so few facts support it.

15        Because Plaintiff lacks standing to pursue RICO claims based on third-party

16  infringements, *Sybersound*, 2006 WL 8434619, at *8, his references to other lawsuits

17  and settlements are irrelevant and do not constitute evidence of a predicate crime.

18  *Ricketts*, 439 F. Supp. 3d at 1226. Plaintiff's attempt to shore up his four alleged

19  infringements with allegations culled from across the internet does not push his RICO

20  pattern theory "across the line from conceivable to plausible." *Twombly*, 550 U.S. at

21  570. Stripped of rhetoric about other artists, news articles about other lawsuits, social-

22  media posts, and vague assertions about Defendants' general business model, the

23

24  _____

25  [6]    Closed-ended continuity is absent also because the Complaint only alleges, at
      most, a single course of conduct harming a single plaintiff. The Ninth Circuit has

26  repeatedly held that "a single alleged fraud with a single victim" does not constitute
      a closed-ended RICO pattern. *Medallion Television Enters., Inc. v. SelecTV of Cal.,*

27  *Inc.*, 833 F.2d 1360, 1363–64 (9th Cir. 1987). Taking the relevant allegations as true,
      they describe a singular plan with a single victim and a single type of injury.

28

1    Complaint alleges only this: four of Plaintiff's works, out of the millions of products

2    on Defendants' platform, were allegedly infringed.  Compl. ¶¶ 65–80, 102.  This is

3    not sufficient to establish a RICO pattern.

4        Courts reject efforts to establish pattern through speculation about harm to

5    others.  In *McGowan*, Judge Wright found assertions that an enterprise "has set its

6    sights on countless victims" to be conclusory—focusing instead on the well-pleaded

7    facts specific to the plaintiff herself, not assertions about unknown harms to others.

8    505 F. Supp. 3d at 1011–12.  Similarly, the court in *Metaxas* held that allegations of

9    broader misconduct against regulatory agencies did not change the "fundamental

10   character" of the case, which was defined by specific allegations of wrongdoing

11   against plaintiff—"a single scheme…with a single victim."  503 F. Supp. 3d at 941–

12   42.  The court found that "additional instances of racketeering activity that Defendants

13   purportedly committed" were merely "ancillary."  *Id.* at 943.[7] Plaintiff's allegations

14   of "pattern" here fare no better and constitute another independent basis for

15   dismissing the RICO claim.

16

17

18

19

20   ───────────────────
     [7]    That Plaintiff purports to represent a class does not allow him to use class
21   allegations to prove his individual claims.  To represent a class, "the named plaintiff
     must be a member of the class" with his own "live claim against the
22   defendant." Steven Gensler, *1 Federal Rules of Civil Procedure, Rules and
     Commentary § 23:18*.  Without his own live claim, he "lacks standing." *Id.*; *Marin
23   Cnty. Chapter of Nat'l Org. for Women v. Marin Cnty.*, 82 F.R.D. 605, 607 (N.D. Cal.
     1979) (decertifying class after plaintiffs' individual claims failed).  Plaintiff cannot
24   sidestep this by relying on class members' allegations after his individual claims fail.
     That would be circular—he needs his own live claim to represent the class in the first
25   place.  It would also permit him to "prosecute RICO claims" based on "alleged
26   violations of copyrights owned by third parties"—something this Circuit forbids.
27   *Sybersound*, 2006 WL 8434619, at *9.

28

                          DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
                          IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## II. THE RICO CONSPIRACY CLAIM (THIRD CAUSE OF ACTION) FAILS WITH THE SUBSTANTIVE CLAIMS.

Because Plaintiff has failed to adequately plead a substantive RICO violation under § 1962(c), he cannot maintain a conspiracy claim under § 1962(d). *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1103 (C.D. Cal. 2011) (collecting cases); *Metaxas*, 503 F. Supp. 3d at 946. The RICO conspiracy claim must be dismissed as well.

## III. PLAINTIFF FAILS TO ALLEGE PLAUSIBLE FACTS TO SUPPORT HIS CIVIL COPYRIGHT INFRINGEMENT CLAIM (FIRST CAUSE OF ACTION).

The civil copyright claim suffers from many of the same defects that doom the criminal claims discussed above. "To state a claim for direct copyright infringement, Plaintiff must demonstrate causation (or volitional conduct)." *BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*, 644 F. Supp. 3d 602, 607 (C.D. Cal. 2022) (allegations that technology automatically copied, stored, and promoted user-created videos with infringing music were insufficient to establish volitional conduct for direct infringement by platform). "Automatic copying, storing, or transmission of copyrighted materials is insufficient to allege volitional conduct." *Id.* As explained above, the Complaint alleges that the infringement occurred through automated systems "with **no human intermediary**," Compl. ¶ 5, and through Defendants' "**algorithmic technology or other systematic methods**." *Id.* ¶¶ 64, 66, 69, 73, 76, 80 (emphasis added). Consequently, Plaintiff has not plausibly alleged facts demonstrating volitional conduct by any Defendant to support his copyright infringement claim.

Further, as explained above, the Complaint fails to allege facts demonstrating infringing conduct by any Defendant which occurred wholly within the United States, which is fatal. *Allarcom*, 69 F.3d at 387; *Danjaq, S.A.*, 773 F. Supp. at 202–03 (no liability for authorizing public screening abroad); *see supra* Section I(C)(1). Plaintiff's collective pleading and impermissible "everyone did everything"

1    allegations violate Rule 8(a)(2)'s notice requirement. *Destfino v. Reiswig*, 630 F.3d

2    952, 958–59 (9th Cir. 2011); *see supra* Section I(D). As such, Plaintiff fails to allege

3    facts to support a direct copyright infringement claim against any of the named

4    Defendants. For these reasons, Plaintiff's First Cause of Action for Copyright

5    Infringement should be dismissed as well.

6                              <u>**CONCLUSION**</u>

7          For the foregoing reasons, the Court should dismiss Plaintiff's Complaint.

8    DATED:  January 26, 2026                Respectfully submitted,

9

10

11                                    By */s/ Michael E. Williams*
                                        **QUINN EMANUEL URQUHART &**
12                                      **SULLIVAN, LLP**
                                        Michael E. Williams, Esq.
13                                      Andrew H. Schapiro, Esq.
                                        Matthew T. Scarvie, Esq.
14                                      Nika D. Shahery, Esq.
                                        Yanai Ben-Gigi, Esq.
15

16
                                        *Attorneys for Defendants Shein*
17                                      *Distribution Corporation, Roadget*
                                        *Business Pte., Ltd., Shein Technology,*
18                                      *LLC, and Shein US Services, LLC*

19

20

21

22

23

24

25

26

27

28

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Shein Distribution Corporation, Roadget Business Pte., Ltd., Shein Technology, LLC, and Shein US Services, LLC, certifies that this brief contains 6686 words, which complies with the word limit of L.R. 11-6.1.

DATED:  January 26, 2026          By */s/ Michael E. Williams*
                                             Michael E. Williams

1

## **CERTIFICATE OF SERVICE**

2

I, the undersigned counsel of record for Defendants Shein Distribution

3

Corporation, Roadget Business Pte., Ltd., Shein Technology, LLC, and Shein US

4

Services, LLC, certify that the foregoing instrument was served pursuant to the

5

Federal Rules of Civil Procedure on the date identified below upon all counsel of

6

record via ECF.

7

DATED:  January 26, 2026          By */s/ Michael E. Williams*

8
                                           Michael E. Williams

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT